UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE                                    )
                                         )
EDWARD F. BOLIAUX,                       )
                                         )   Bankruptcy No. 09-12896
          Debtor.                        )
                                         )

## MEMORANDUM OPINION ON AMERICAN CHARTERED BANK'S MOTION TO APPROVE REAFFIRMATION AGREEMENT [Docket No. 42]

The debtor entered into a Reaffirmation Agreement ("Agreement") involving a debt due to American Chartered Bank ("American") which is now in dispute. American filed the Agreement and has moved for court approval of it. Another creditor objects.

Edward Boliaux filed for bankruptcy under Chapter 7 on April 10, 2009. He disclosed on his schedules a mortgage by American on a car lot located at 1321 East Jackson Street, Joliet, Illinois.[1] Manheim Automotive Financial Services, Inc. ("Manheim") also claims to have a mortgage on the car lot, although Boliaux scheduled Manheim only as an unsecured creditor. Boliaux now seeks to reaffirm his debt to American but not his debt to Manheim. The outcome of this dispute over the Agreement will have no effect on the bankruptcy estate or its creditors. The case trustee has filed a no-asset report, but no discharge has yet been entered because several extensions of the time to object to discharge or to dischargeability of certain debts have been ordered.

---

1. The parties dispute the exact address of the property. It is sometimes referred to in the pleadings as 1321 East Jackson Street, 1327-1329 East Jackson Street, and 1321 East Cass Street, all in Joliet, Illinois. While the parties cannot agree on the exact address, they agree that they are referring to the same physical property, which is located at the corner of Cass Street and Jackson Street in Joliet, Illinois.

1

The Reaffirmation Agreement between Boliaux and American has generated an unusual number of pleadings. American filed a Reaffirmation Agreement [Docket No. 23] on July 10, 2009, which proposed to reaffirm a debt of $850,000 at 5.25%. However, the Agreement was not filed on the required Form 240 and therefore did not contain the disclosures required under §§ 524(c)(2) and 524(k) of the Bankruptcy Code, Title 11 of the United States Code. American filed a second Reaffirmation Agreement [Docket No. 37] on August 10, 2009, this time including the required Form 240 disclosures. That same day, the Clerk of Court entered on the docket that a presumption of undue hardship had arisen.

On August 31, 2009, American filed a Motion to Approve the Reaffirmation Agreement [Docket No. 42], to which Manheim filed an Objection on September 24, 2009 [Docket No. 46]. Boliaux filed on October 26, 2009, a Response to Manheim's Objection [Docket No. 70] supportive of the Agreement, to which Manheim filed a Reply [Docket No. 79] on October 29, 2009. American filed a Reply [Docket No. 88] and Boliaux filed a Second Response to Manheim's Objection [Docket No. 90] on November 13, 2009. Manheim filed an Amended Reply [Docket No. 101] on November 25, 2009. Finally, Boliaux and Manheim each filed Pretrial Statements [Docket Nos. 109 and 110] on December 4, 2009.

Manheim objects on several grounds, arguing that the Agreement was not timely filed, that American was not authorized to file it, that Boliaux did not rebut the presumption of hardship certified by the Clerk, and that fraud and wrongdoing existed that should prevent approval of the Agreement.

## JURISDICTION

Jurisdiction lies under § 524 of the Bankruptcy Code, title 11 of the United States Code, to consider reaffirmation agreements and motions to approve those agreements. However, under that provision, the approval of a court is required only in two situations.[2] First, an agreement

---

2. Section 524 provides in pertinent part:
   (c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if—

   . . . .
   
       (6)(A) in a case concerning an individual who was not represented by an attorney during the course of negotiating an agreement under this subsection, the court approves such agreement as—
           (i) not imposing an undue hardship on the debtor or a dependent of the debtor; and
           (ii) in the best interest of the debtor.
       (B) Subparagraph (A) shall not apply to the extent that such debt is a consumer debt secured by real property.

   (d) . . . If a discharge has been granted and **if the debtor desires to make an agreement of the kind specified in subsection (c) of this section and was not represented by an attorney during the course of negotiating such agreement**, then the court shall hold a hearing at which the debtor shall appear in person and at such hearing **the court shall—**
       (1) inform the debtor—
           (A) that such an agreement is not required under this title, under nonbankruptcy law, or under any agreement not made in accordance with the provisions of subsection (c) of this section; and
           (B) of the legal effect and consequences of—
               (i) an agreement of the kind specified in subsection (c) of this section; and
               (ii) a default under such an agreement; and
       **(2) determine whether the agreement that the debtor desires to make complies with the requirements of subsection (c)(6) of this section, if the consideration for such agreement is based in whole or in part on a consumer debt that is not secured by real property of the debtor.**

   . . . .

   **(m)(1) Until 60 days after an agreement of the kind specified in subsection (c) is filed with the court (or such additional period as the court, after notice and a hearing and for cause, orders before the expiration of such period), it shall be presumed that such agreement is an undue hardship on the debtor** if the debtor's monthly income less the debtor's monthly expenses as shown on the debtor's completed and signed statement in support of such agreement required under subsection (k)(6)(A) is less than the scheduled payments on the reaffirmed debt. **This presumption shall be reviewed by the court.** . . . If the presumption is not rebutted to the satisfaction of the court, the court may disapprove such agreement.

11 U.S.C. § 524 (emphasis added).

3

must be reviewed and approved or disapproved when the debtor is not represented by an attorney during the course of negotiating for the agreement, unless the agreement involves a "consumer debt secured by real property." 11 U.S.C. § 524(c)(6),(d)(2). The scope of this review is to determine whether the debt reaffirmed imposes an undue hardship on the debtor or the debtor's dependents and whether the agreement is in the in the "best interests" of the debtor. § 524(c)(6)(A). Second, the court must review an agreement if a presumption of undue hardship arises. § 524(m)(1). This review is limited to whether the debtor has satisfactorily rebutted the presumption. *Id.* There are other requirements for a valid reaffirmation agreement, *see* § 524(c),(d),(k), but none of those require or invite court approval before an agreement can be effective. *See In re Morton*, 410 B.R. 556, 561–62 (B.A.P. 6th Cir. 2009).

The debtor here had a lawyer when he negotiated the Reaffirmation Agreement, and the Agreement does not involve a consumer debt secured by real property, so review would ordinarily be required only if a presumption of hardship arose. A statutory presumption of undue hardship did arise with respect to this Agreement. Therefore, jurisdiction likewise arose for court review of the Agreement to determine whether Boliaux rebutted that presumption, and presumably arose to determine related issues of timely filing and status of American to file the Agreement.

One remaining set of issues raised by Manheim in its Objection—whether Boliaux's allegedly fraudulent and wrongful conduct warrants disapproval of the Agreement—need not and should not be decided. Core jurisdiction of bankruptcy courts lies in cases that arise under the Bankruptcy Code and in core proceedings in cases under the Bankruptcy Code. 28 U.S.C. § 157(b). Related jurisdiction lies in proceedings that impact on bankruptcy. § 157(c). The impact

of any fraud and wrongdoing claimed here is between the parties who filed the pleadings described above. The Chapter 7 trustee has not asserted an interest in these issues, and in this no-asset case the outcome of these issues cannot impact on the estate. The issues do not arise in or under the Code, and do not relate to the Boliaux bankruptcy. Consequently, no jurisdiction lies to consider those issues. Nothing in this Opinion decides those issues both because jurisdiction is lacking and because possible extraneous issues such as those asserted are not among the statutory grounds provided for court review under § 524. It may be that jurisdiction arising under other provisions will involve the matters complained of, but such a case is not presented here.

## DISCUSSION

### I. The Reaffirmation Agreement Was Not Untimely Filed Because it Was an Amendment of an Earlier Timely Filed Agreement

A reaffirmation agreement must ordinarily be filed with sixty days of the first meeting of creditors. Fed. R. Bankr. P. 4008(a). However, "the court may, at any time and in its discretion, enlarge the time to file a reaffirmation agreement." *Id.*

The first meeting of creditors in Boliaux's case was set for June 4, 2009, and the period to file a reaffirmation agreement expired on August 3, 2009. The original Reaffirmation Agreement was filed on July 10, 2009, before the filing deadline expired. The second Agreement filed contained an amendment to the first, then using the proper form. While normal rules of relation back do not apply in this case because Rule 7015 Fed. R. Bankr. P. does not apply in contested matters, *see* Fed. R. Bankr. P. 9014(c), allowance of an amendment is good cause to extend the deadline under Rule 4008(a). Moreover, the purpose of the deadline is to ensure that reaffirmation agreements are filed before a discharge is entered so that judicial review of the

agreements may proceed when required. *Id.* (Advisory Committee Note (2008)). Discharge has not been entered in this case, so there is no possible adverse effect even if the reaffirmation agreement was filed too late.

For the foregoing reasons, the filing of the Agreement as amended is deemed timely and Manheim's Objection in that regard will be overruled.

## II. The Reaffirmation Agreement Was Not Filed by an Improper Party Because a Creditor May File an Agreement and the Debtor Adopted the Agreement

Manheim argues that the Reaffirmation Agreement is not valid because it was filed by American, rather than the debtor. In fact, no such limitation exists, since "any party may file the agreement with the court." Fed. R. Bankr. P. 4008 (Advisory Committee Notes (2008)).[3] Even if there were such a limitation, the issue is moot because Boliaux adopted the Reaffirmation Agreement as his own by filing pleadings in support of the Agreement. Therefore, Manheim's Objection on this basis will overruled.

## III. The Motion to Approve the Reaffirmation Agreement is Moot Because the Presumption of Undue Hardship Has Expired

A reaffirmation agreement is generally effective immediately upon being filed with the court. *In re Morton*, 410 B.R. at 561–62. However, if a presumption of undue hardship arises, the presumption "shall be reviewed by the court," which may disapprove the reaffirmation agreement if the debtor does not satisfactorily rebut the presumption. 11 U.S.C. § 524(m)(1). A presumption arises if the debtor's net monthly income is less than the scheduled payments on the reaffirmed

---

3. Manheim relies on *In re Carlos*, 215 B.R. 52, 61 (Bankr. C.D. Cal. 1997), for the proposition that only a debtor may seek approval of a reaffirmation agreement. That case, however, relied in part on an old version of Rule 4008 that authorized only "[a] motion by a debtor for approval of a reaffirmation agreement." *In re Carlos*, 215 B.R. at 61. The current version of Rule 4008 provides that "[a] reaffirmation agreement shall be filed," without specifying any particular party as the authorized filer. Fed. R. Bankr. P. 4008(a).

debt, but the debtor may rebut the presumption in writing by identifying additional sources of funds to make the scheduled payments. *Id.* Other factors, such as whether the reaffirmation agreement is in the best interests of the debtor, are not to be considered when determining whether the presumption is rebutted. *In re Hart*, 402 B.R. 78, 86 (Bankr. D. Del. 2009). However, the presumption of undue hardship continues only "until 60 days after [the reaffirmation agreement] is filed with the court" and may continue for "such additional period as the court, after notice and a hearing and for cause, orders before the expiration of the period." § 524(m)(1).

These Code provisions clearly indicate that the presumption of undue hardship arises only for sixty days after an Agreement is filed and that the presumption may be extended only by court order which must be entered before expiration of the sixty-day period. The plain meaning of the statute requires such an order to extend the presumption period. No legislative history sheds light as to what the Congress intended in setting up this system. However, in the context of § 524 it must be inferred that there is an expectation of review by a Bankruptcy Judge within sixty days when, after filing of an agreement, the matter is brought to the court's attention within that period. Review can continue into an extended period fixed by court order entered within the sixty-day period. All this is required relatively soon after the agreement is filed. However, if there is no judicial review while the presumption period is alive, the parties to the agreement are clearly relegated by the statute to their own devices without judicial review, for the presumption exists only "[u]ntil 60 days after an agreement . . . is filed" unless an extension is ordered. §524(m)(1).

In context, § 524 allows debtors to proceed with reaffirmation decisions without judicial review except in the case of narrowly defined circumstances where review is sought and obtained during a defined period. There is no statutory authority to expand the narrowly defined exceptions to the right of debtors to contract freely with their creditors, either as to occasions for judicial review or as to the time period provided for such review.

American originally filed a Reaffirmation Agreement on July 10, 2009, but that document did not use Official Form 240 and therefore did not provide the statement of Boliaux's net monthly income required by 11 U.S.C. § 526(k)(6)(A).[4] American filed a Reaffirmation Agreement on Form 240 on August 10, 2009, this time including a statement of Boliaux's net monthly income. That statement showed that Boliaux's net monthly income was a negative $1,466.00. That is, it showed that Boliaux was $1,466.00 short of income needed to pay all his current expenses, not even considering the monthly payments of $3,694.49 that would be due on American's debt under the Agreement. Assuming without deciding that the original filing on July 10th did not trigger the sixty-day period, the presumption of undue hardship therefore arose on August 10, the date the Agreement on Form 240 was filed, which the Clerk of Court entered on the docket that same day. On August 31, 2009, American moved to approve the Agreement, arguing that Boliaux had in fact rebutted the presumption because he showed that a third-party tenant of the car lot was paying the mortgage directly to American. Manheim objected, arguing

---

4. On the reaffirmation agreement, the debtor must include the following statement, with the appropriate dollar amounts filled in:

I can afford to make the monthly payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $_____, and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $_____, leaving $_____ to make the required payments on this reaffirmed debt.

11 U.S.C. § 524(k)(6)(A).

among other things that Boliaux had not rebutted the presumption because the third-party tenant had agreed to pay only a portion of the mortgage payment.

The merits of these arguments cannot be reached. The presumption of undue hardship expired on October 9, 2009, sixty days after the amended Reaffirmation Agreement was filed on August 10, 2009, and long before the parties submitted their briefings. The presumption period was not extended by court order during those sixty days. No party ever requested that the period be extended. Manheim could have moved to extend the presumption period, which would have required a showing of cause, as well as notice and a hearing. 11 U.S.C. § 524(m)(1). But it did not do that. Therefore, the statutory presumption of undue hardship no longer exists, and no court review of that issue is required or would be proper. Therefore, American's motion in regard to the presumption is moot.

## IV. The Fraud and Wrongful Conduct Issues Are Not Justiciable

Finally, the proceedings allowed under § 524 do not provide for resolution of the fraud and wrongdoing issues asserted. As discussed above, there is no jurisdiction to resolve those issues and they are not justiciable through an objection to motion for approval of a reaffirmation agreement.

## CONCLUSION

For the foregoing reasons, and by separate order:

A. The Objection of Manheim to the timeliness of the Reaffirmation Agreement will be overruled.

B. The Objection of Manheim based on filing by an improper party will be overruled.

C. The Objection of Manheim based on asserted grounds of fraud and wrongdoing will be dismissed for lack of jurisdiction.

D. The Motion of American to approve the Agreement and the Objection of Manheim based upon the presumption of undue hardship each will be dismissed as moot.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this ____ day of January, 2010.